USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_6/3/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

      :

UNITED STATES OF AMERICA

      :     PRELIMINARY ORDER OF

- v. -            FORFEITURE AS TO

      :     SPECIFIC PROPERTY

MARCO ANTONIO LARA PAIZ,

      :     S7 03 Cr. 987 (GHW)

    Defendant.

      :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about March 26, 2007, MARCO ANTONIO LARA PAIZ (the "Defendant"), was charged in a one-count Superseding Information, S7 03 Cr. 987 (PAC) (the "Information"), with narcotics importation conspiracy, in violation of Title 21, United States Code, Section 963 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, and derived from any proceeds that the Defendant obtained, directly and indirectly, as a result of the violation charged in Count One of the Information, and any and all property used and intended to be used, in any manner or part to commit, and to facilitate the commission of the violation charged in Count One of this Information, including, but not limited to, at least $345,000.00 in United States currency;

WHEREAS, on or about March 26, 2007, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, $345,000.00 in United States currency as a result of the Defendant's commission of the offense charged in Count One of the Information;

WHEREAS, on or about August 28, 2007, the Defendant transferred $345,000 in United State currency to the Government (the "Specific Property');

WHEREAS, on or about February 19, 2008, Judgment was entered ordering the forfeiture of the Defendant's interest in the Specific Property;

WHEREAS, the Government asserts that the Specific Property constitutes proceeds traceable to the commission of the offense charged in Count One of the Information:

WHEREAS, the Government seeks the forfeiture of all of the Defendant's right, title and interest in the Specific Property, as proceeds traceable to the offense charged in Count One of the Information; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant MARCO ANTONIO LARA PAIZ, and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.      The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

June 3, 2026
DATE